HARLCHER SIBUM, J.,
This matter comes before the court on plaintiffs’ petition to compel the Commonwealth of Pennsylvania Department of Labor and Industry Office of Unemployment Benefits to provide a full, complete and correct copy of all unemployment compensation records for defendant Robert R. Douglas. The relevant facts are summarized as follows. On March 15, 2012, plaintiffs, James and Cheryll Barkley, instituted this action against defendants, Robert R. Douglas, Wal-Mart Stores, Inc., Wal-Mart Stores East, LP and Wal-Mart Transportation, LLC (collectively “defendants”), for injuries sustained in a motor vehicle accident. Plaintiffs were involved in a motor vehicle accident with defendant Robert R. Douglas, who was employed as a truck driver for Wal-Mart. After being terminated from his employment in 2011, defendant Douglas filed a claim for unemployment compensation with the Pennsylvania Department of Labor and Industry, Office of Unemployment Compensation Benefits Policy (“OUCBP”). On January 24, 2012, the OUCBP issued anotice of determination denying defendant Douglas’ unemployment compensation claim. Thereafter, defendant Douglas appealed the OUCBP’s decision and subsequently received unemployment benefits.
Plaintiffs have requested several documents from defendants, including records regarding the unemployment compensation benefits defendant Douglas received following his termination in December 2011. Defendants provided the records they have on file; however, plaintiffs allege that there are more records in the possession of *46 OUCBP. On June 17, 2014, plaintiffs served a subpoena on OUCBP requesting
“[any] and all documents, records, notes, wage loss information, statement of wages, payments of [UC] benefits, employer challenges for said benefits and/ or decisions awarding said benefits, or any other documentation and information which constitute the entire file contents of [defendant Douglas] ... This would include all information concerning his work history. This request includes, but is not limited to, his complete personnel and wage file, as well as any disability records and information. This request includes but is not limited to an award of benefits in 2012.”
[Plaintiff’s petition to compel, Exh. B]. On June 24,2014, plaintiffs were advised by OUCBP that the records were confidential and cannot be disclosed. Plaintiffs filed this instant petition on September 8, 2014 seeking to compel the OUCBP to disclose information regarding defendant Douglas’ unemployment compensation application. Defendants filed a no opposition response on October 3, 2014. The OUCBP filed an answer on October 3, 2014. After due consideration of all pleadings filed and upon oral argument heard on this matter, we are now prepared to decide.
DISCUSSION
The OUCBP argues that the subpoenaed records are privileged and beyond the scope of discovery. The OUCBP bases its privilege claim on 34 Pa.Code § 61.25, which provides, infer alia, that unemployment compensation *47 information is confidential and prohibits the department of labor from disclosing such information except in limited circumstances.[1] Under 34 Pa.Code § 61.25(a) (3), unemployment compensation information may be disclosed as follows:
(i) To officers and employees of the department and members and employees of the board in the administration of the law.
(ii) To a claimant, the last employer of the claimant, a base year employer of a claimant or a representative of any of the foregoing in accordance with paragraph (7), to the extent necessary for the proper determination of the claimant’s application for benefits and claims for compensation.
(iii) To an employer or a representative of an employer in accordance with paragraph (7), to the extent necessary for the proper determination of the employer’s liability for reports and payments under the law and the proper administration of the employer’s account.
(iv) To public employees in the performance of their public duties.
(v) As determined by the department or the board to be necessary for the proper administration of the *48 unemployment compensation program.
(vi) As permitted by provisions of the law or as required or permitted by Federal law.
34 Pa.Code § 61.25(a)(3)(i)-(vi)
The provision also includes three exceptions to the non-disclosure rule. 31 Pa.Code §61.25(a)(5)(i)-(iii). Disclosure may be permitted in the following situations:
(i) A legal proceeding under the law or a statute administered or enforced by the Commonwealth.
(ii) Information disclosed to a claimant, employer or representative under paragraph (3)(ii) or (iii).
(iii) Information filed with the unified judicial system by the department or the board in the administration of the law.

Id.

At oral argument, plaintiffs argued that notwithstanding the nondisclosure rule provided in 31 Pa. Code § 61.25(a)(3), disclosure in this case is permitted under the exceptions outlined in 31 Pa.Code § 61.25(a)(5) (i)-(iii). We disagree. The exceptions in Section 61.25 involve a “legal proceeding under the law.” Pursuant to 34 Pa.Code § 61.1, “law” is clearly defined as “[t] he Pennsylvania Unemployment Compensation Law.” Thus, the exceptions to the nondisclosure rule only apply to “legal proceedings under the [unemployment compensation] law...” There is no permissible disclosure of unemployment compensation information in legal *49 proceedings which do not involve unemployment compensation law in any way. Since the instant case does not implicate unemployment compensation law, we find that the exception is inapplicable here. Any information or record on defendant Douglas’ application for and receipt of unemployment compensation is therefore privileged and cannot be disclosed.
ORDER
And now, this 20th day of January, 2015, having consideredplaintiffs’petitionto compel the Commonwealth of Pennsylvania Department of Labor and Industry, office of unemployment benefits to provide a full, complete and correct copy of all unemployment compensation records for defendant Robert R. Douglas, and upon oral argument heard in this matter, it is ordered that plaintiffs’ petition is denied.

. These regulations were enacted in response to amended federal regulations implementing the Social Security Act and the Federal Unemployment Tax Act. See 20 C.F.R. § 603; 26 U.S.C. §§ 330111; 42 U.S.C. §§ 301-1397. If it is to receive federal funds, the Department of Labor must enact “provision[s] for maintaining the confidentiality of any Unemployment] Compensation] information which reveals the name or any identifying particular about any individual or any past or present employer or employing unit.” Id. § 603.4